**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

LUXOTTICA GROUP S.p.A. )
and OAKLEY, INC., )            Case No. 16-cv-07988
 )
              Plaintiffs, )        **Judge Harry D. Leinenweber**
 )
        v. )                **Magistrate Judge Young B. Kim**
 )
ZHIQIANG ZHAO, ZUZHISHUAI, )
ZONWERINGSUNCOMFORT.BE, ZHUANG )
GUIRAN, ZHU WEI, ZHOU DONG, ZHOU )
DA FU, ZHONGQIN JIANG, ZHILINWU, )
ZHILIN WU, ZHENYONG ZHANG, )
ZHENGZHENG, ZHENG ZHENG, ZHEN )
NAN SHEN, ZHAO LONG, ZHAO DEQUN, )
ZHAO DEQUN (2), ZHAO BUYUN, )
ZHANGYIYI ZHANGYIYI, ZHANGMING, )
ZHANGLIANYOU ZHANGLIANYOU, )
ZHANGJIKE ZHANGJIKE, ZHANG YUN )
LAI, ZHANG YIYI, ZHANG YIYI (2), )
ZHANG TAO, ZHANG SHASHA, ZHANG )
SHASHA (2), ZHANG SAN, ZHANG PING, )
ZHANG PING (2), ZHANG MING, ZHANG )
LU LU, ZHANG LIUDONG, ZHANG )
LIANYOU, ZHANG LI, ZHANG KAI, ZHANG )
CHANG YUAN, ZANE YACINE, YUNSI LI, )
YU XIA, YU FENG LAI, YM, YIYI ZHANG, )
YIXING MAO, YIXING MAO (2), YIXING )
MAO, YAOMING, YAO DING, YANGXU, )
YANG ZE TIAN, YANG XUN XIU, YANG )
QU, YANG LUO, YANG JING, YANG )
GUANG, XUQIU, XUE FU, XU JIANWEI, XU )
FEIPENG, XIUYUN LI, XIUYING TANG, )
XINSHIJUEYOUXIANGGONGSI, XINQIAN )
TYNDALL, XINQIAN TYNDALL (2), )
XINQIAN TYNDALL, XINQIAN RHYS, )
XINQIAN RHYS (2), XINQIAN RHYS, )
XINQIAN RHYS (2), XINGSHAO XING, XIN )
YUAN, XIN CHEN, XIE GUAN, XIAYU, )
XIAOYA WANG, XIAO XIA BAI, XIAO MIN, )
XIAO LIN, XIAO LILI, XIAO HUI, XIAO )
CHEN, XIANGYANGLI, XIANGYANG LI, )
XIAN LIN, XIA YU, WOOBUYIT.COM, )

WONG CHENLIN, WIZE COMMERCE, INC,  )
WINSTANLEY GARETH, WILLIAM          )
WALKER, WILLIAM JACKSON,            )
WILBERTTINTEL.NL,                   )
WESTLOCKBALLHOCKEY.CA,              )
WERKENBIJHEINZ.BE, WENG JUNPENG,    )
WENBEN ZHOU, WENBEN ZHANG, WEN      )
SUN, WEN SUN (2), WELLOAK.NET, WEI  )
YUAN CHE, WEI CHUN SHE, WEI CHUN    )
GUI, WEI CHEN,                      )
WAYFARERSONNENBRILLEN.COM,          )
WARDOTA16 WARDOTA16, WANG           )
SANSIWANG SANSI, WANG HAI, WANG     )
DIAN FANG, WANG CHONG, WANG         )
CHANG JIN, WALLACE KEYNES, VVV-     )
FRIESLAND.NL, VOGUEGLASSES.NET,     )
VITO CHEUNG,                        )
VIOLETTAKINDEROPVANG.NL, VIOLA      )
LUKACS, VILJA MARTINSSON,           )
VIEWSUNGLASSES.CC, VICKIE WARD,     )
VERDIENENENBESPAREN.NL, VAUTHIER    )
VALERIE, VANIA DARSA, VALENTINO     )
VATENT, VALENTIN UNGUREANU,         )
VAIBHAV PENDSE VAIBHAV PENDSE,      )
USRBSTYLE.COM, UNICREDIT            )
DONATELLA, TRAVELELEMENTS.NL,       )
TORRES  SANDRA, TOPSUNS.SITE,       )
TOPSUNGLASSES.CC, TONSTALK, TONI    )
BARBER, TNEWS.CA, TINA HOOVER,      )
TIMOTHY PERKINS, TIAN ZHANG, TIAN   )
YI, TASHAWN PRINCE, TAPESHQ.COM,    )
TANG ZEYONG, TAN ZHEYINGDS, TAN     )
ZHEN HENG, TAN XIAO, TAME LEEANNE,  )
TAI ZHAO, SUVAPARTS.COM, SUSANNE    )
KLEIN SUSANNE KLEIN, SUROJIT DAS,   )
SUN-ONSUNS.COM,                     )
SUNGLASSWIND.COM,                   )
SUNGLASSTRENDY.COM,                 )
SUNGLASSSHOPVIP.COM,                )
SUNGLASSHUT-OUTLETSHOP-SALE.COM )
SUNGLASSHUT-OUTLETSHOP-SALE.COM,    )
SUNGLASSHUTBOUTIQUESTORE-           )
OUTLET-SALE.COM                     )
SUNGLASSHUTBOUTIQUESTORE-           )
OUTLET-SALE.COM, SUNGLASSESVIP.CC,  )
SUNGLASSESUK2U.COM, SUNGLASSESS-    )

SHOP.COM, SUNGLASSESSITES.COM, )
SUNGLASSESPUB.CC, )
SUNGLASSESOP.COM, )
SUNGLASSESLIFE.CC, )
SUNGLASSESCLUB.CC, SUN3025.COM, )
SUN JIAO, SUMMERTIME SUNGLASSES, )
SUMI JANE, SUJIN ZHUO, SUFANG YU, SU )
QIN, SU JING, STUDIORAEF.NL, )
STEPHZION MZRSIOA, STEPHEN )
TIJERINA, STEFFEN HARTMANN, )
STEFAAN VELLEMANS, STEENGOED- )
WINTERSWIJK.NL, STALDONKERS.NL, )
SONNENBRILLEHAUS.COM, SONG )
QIUXIANG, SOFIA WOODS, )
SLOTENSPECIALIST-ASSEN.NL, )
SLIWINSKA GOSIA, SKY, )
SKINCAREMANAGEMENT.COM, SIYU )
ZHANG, SIMON BANKS, SIMER OREY, )
SHUN SUN, SHUANHUA LI, SHU WINGAI, )
SHOPVIPMALL.COM, SHOPOFVIP.COM, )
SHILIN SHILIN, SHILAIFU BAI, SHILAI )
BAI, SHIHUA REN, SHIHUA REN (2), SHI )
LIN, SHI GERUAN, SHANNON K. BOLT, )
SHAN LI, SHADESMORE.CO, SDG- )
QUALITY.NL, SDF GG, SCHMIDHAMMER )
SILVIA, SANZHI HUANG, SANG HA, SAN )
ZHANG, SAMUEL MARSH, SALEOAK.NET, )
SA ER JIA, RYAN HOLMES, )
RUSTENINVROUWZIJN.NL, RUFA PEREZ )
REY, ROYCE, ROSARIO ROSARIO, ROGER )
HORTON, ROBERT DOWDEN, RITA )
WILKERSON, )
RISINGBASTARDSUTRECHT.NL, )
RIMARFOTO.NL, RICHARD SALMON, )
RICHARD MAJOR, RICHARD LASKA, )
RHYS GOODWIN, )
RESTAURANTTRENTA.NL, RENE PALEY, )
REN QING LONG, REGISTRANT OF )
UKPRB.COM, REGISTRANT OF )
RBZUC.COM, REGISTRANT OF )
RBWOOP.COM, REGISTRANT OF )
RBWNO.COM, REGISTRANT OF )
RBVDE.COM, REGISTRANT OF )
RBPORTUGAL.COM, REGISTRANT OF RB- )
MEXICO.COM, REGISTRANT OF )
ODSRB.COM, REGISTRANT OF )

DOLCEANDGABBANAGAFASDESOL2016. )
COM, REGISTRANT OF CHSWRB.COM, )
REGISTRANT OF AUSRBRB.COM, )
REGISTRANT OF AURBS-RB.COM, )
REGISTRANT OF ARURB.COM, REGINA )
PACHOLME, RBYVM.COM, RBYOP.COM, )
RBXADE.COM, RBWIU.COM, RBWIR.COM, )
RBWGO.COM, RBWCRY.COM, )
RBWAO.COM, RBWANNA.COM, )
RBVSTORES.COM, RBVIPESTORES.COM, )
RBUJX.COM, RBUCTS.COM, )
RBSUPER.COM, RB- )
SUNGLASSESPOSTS.COM, RBSMV.COM, )
RBSHOPEUROPE.COM, RB-RQ.COM, )
RBROP.COM, RBRMO.COM, )
RBRMCY.COM, RBQLP.COM, RBPLO.COM, )
RBOSOO.COM, RBOIR.COM, RBOIP.COM, )
RBOFFHOME.COM, RBMRMW.COM, )
RBMCOM.COM, RBMBUY.COM, )
RBMARG.COM, RBMAGER.COM, )
RBJAF.COM, RBIUA.COM, RBHEN.COM, )
RBGOL.COM, RBGNR.COM, )
RBGLASSHUTS.COM, RBGERS.COM, )
RBFROMCHINA.EU, RB-FORYOU.COM, )
RBEIP.COM, RBDREAM.COM, )
RBDFO.COM, RBDEXE.COM, RBCNR.COM, )
RBBIL.COM, RBAPP.NET, RBAGM.COM, )
RBAEO.COM, )
RAYBANSUNGLASSESOUTLETSTOREONS )
ALE.COM, RAYBAN- )
SUNGLASSESOUTLETS.COM, )
RAYBANKOPEN.NL, RAYBAN4SALE.COM, )
RAY WHITE, QUN LIN, QUINN EDWARD, )
QINGQIANG YANG, QING LIN, QIN FENG, )
QIANG WU, QI QIANG, QI QIANG (2), )
PREDKI EWA, POWDRILL RICHARD, )
POPGLASSES.CC, POLICE- )
SUNGLASSES.US.COM, PIZZERIA- )
RESTAURANT-PRIMA-LEGGE.BE, PING )
KHAISTANG, PING GUO REN, PHYLLIS )
JENSON, PHILLIPS COLEMAN, PETER )
NORMANN, PETER  POWELL, PEREIRA )
ANABELLE, PEPS-CATERING.NL, )
PEPIJNHEMELAAR.NL, )
PELAWEBDESIGN.NL, PAZO DANIEL, )
PAYMENTREDESIGN.EU, PAUL FROOME, )

PATRICKBROWN, PATRICIO GONZALEZ,    )
PARROTIA.NL, PAN ZHENG, PALENCIA    )
GABRIEL, PAIVA EMMANUELLE, OSLEI    )
OSLEI, OSCAR DOHERTY, OSALE-    )
EYEWEAR.NL, ONS-HILVERSUM.NL,    )
ONLINEGLASSES.CC, OKVIPSELL.COM,    )
OKUSTORES.COM, OKUSTOP.COM,    )
OKUSHOPS.COM, OKUKSHOP.COM,    )
OKSUNGLASSVIP.COM, OKSALE.SITE,    )
OKRAYBAN.COM, OKNEWSELL.COM,    )
OKLSALE.COM, OKLONSALE.COM,    )
OKLHUT.COM, OKHOTPOP.COM, OKFF    )
EEEE, ODONNELL MICHELLE, O'CONNOR    )
ANNE, OBIANO EMILYN, OAKQR.COM,    )
OAKLF.COM, OAKLEY-OUTLET.ORG,    )
NYCENSPICE.CA, NIU QING CHEN,    )
NIKLAS THEISSEN NIKLAS THEISSEN,    )
NICOLA EVANS, NICOL DUCHAINE,    )
NICHOLAS M. KIVI, NIAMH NASH, NEIL    )
MARINO, NAVEED DANISH, NANCY,    )
MURABI, MSHOPJERSEYS.COM, MORRIS    )
MELISSA, MISHA WELCH, MINARIK    )
CETIN, MIN KE, MILIEURAADBUSSUM.NL,)
MILDRED ROEMER, MIKILU.CA, MIKEAN    )
ANGIE, MIKE GOLDSCHMIDT, MICHIE    )
AUDREY, MICHAEL OSTERHAGEN,    )
MICHAEL EVANS, MIA MURPHY, MI    )
ZHANG, MENGHUI XIE, MEMUNA    )
KAMARA, MELONASSTEPHANIE,    )
MELISSA IDELSON, MEILI LIN, MEG    )
POTTER, MECAPRODUCTS.BE,    )
MCDONAGH GERALDINE, MCCURRACH    )
FIONA, MAYHEW GARREAU, MASSIE    )
SANDRA, MARYS LIDAN, MARY    )
QUILLEN, MARY JOHN, MARY, MARVIN    )
RIEVER, MARTIN KYLE, MARSHALL    )
MARGARET, MARK DAVIS, MARIO    )
CARROLL MARIO CARROLL, MARIO    )
CARROLL, MARIO BERGMANN, MARINA    )
ADAMS, MARILYN WITTE, MARILYN    )
WITTE (2), MARÍIA MARÍIA, MARIA    )
WIRTZ, MARGARET HOMA, MARGARET    )
HOMA (2), MARCO ABT, MANGER-SMITH    )
MARION, MADHU INDURTHI, MA TENG,    )
MA KE, M. GROEN, LUO YANG, LUO    )
CHENG AN, LUO BO BA,    )

LUNETTESSOLEILPASCHER.FR,   )
LUNDSTROM NADJA, LUKE FITZGERALD, )
LUDWIG RHYS, LUDWIG RHYS (2), LUCY )
READ, LUCA HOUGHTON, LU WA HU, LU )
JUN, LOWA LUND, LOVELYSALE.ONLINE, )
LOPEZ DEBORAH, LONG TANG, LONG )
DAN, LLOYD STEWART, LIXIUYUN, )
LIUQIU LIU, LIU YUAN, LIU YAN, LIU )
XING, LIU KAI SI, LIU GANG, LIU CHAO, )
LIU, LISA CHO, LIRONG SHI, )
LINKSTROE.COM, LING YU, LINDA )
PAUGH, LINDA MINARIK, LIN YANG, LIN )
XIAN SHENG, LIN QING DI, LIN PENG, LIN )
MING, LIN MIN, LIN MEI JUN, LIN LIN, LIN )
LI LI, LIN JIMEILIN JIMEI, LIN HAIPENG, )
LIN FU HUANG, LIN CHENG, LIKAI MO, )
LIANG XIAOJIA, LIANG WU, LIANG WEN )
LONG, LI YUFEI, LI XIUYUN, LI XINTAO, )
LI XING, LI SHIXUN, LI REN FENG, LI )
QIANG, LI PINGLONG, LI NING, LI NING )
(2), LI MEI YANG, LI MA, LI LI, LI LEI, LI )
LEI, LI KUN, LI JIAN GANG, LI HUI RU, LI )
DA, LI CHEN, LI CHADE, LEO C, LENA )
SCHWEITZER, LENA NORDIN )
LINDERQVIST, LEI ZHAO, LEI KELI, LEE )
JEFF, LEE ANDY, LEDET EARLENE, )
LEANOK.NL, LEAH KELLY, LAWRENCE )
MARILYN, LAURA LEWIS, LAURA COLES, )
LAURA BARNES UK, LARA CHAPMAN, )
LAI FEI, LAI FEI (2), LAI CHEN, KRISTIN )
PFEFFER, KRISH RAVINDRAN, KOR LIN, )
KOGEL KDD, KOBE SONG, )
KLUNDERLICHTENGELUID.NL, KING )
WENE, KINCAWN TYLRE, KEMERLING )
ANNE, KELLY VINCENT, KEITHWHITE, )
KEITH DENNIS, KE LIU, KE KEMING, KE )
CHEN, KAY COLE, KATHARINA EGGERS, )
KARIN KAESTNER, KARIMAGOKO )
BARBARA, KAKAQIU, KAI WANG, JUSTIN )
HOLMES, JUNE D LYONS, JUN CHEN, JU )
ZILAN, JOYCE RICHARDSON, JOY ZHANG,)
JOHN MAXFIELD, JOHN LILI, JOHN, JOE )
MCLEAN, JOE DYER, JOANNA POLAREK, )
JOANN, JINLIN HUANG, JINJUN LIN, )
JINJUN LIN (2), JING YAN, JING XIANG )
XIAO, JIN YANG, JIANXIA LIN, JIANHUA )

LEI, JIANG LU, JIANG HUO, JIANFU )
HUANG, JIAN GANG LI, JI QI, JEWELRY )
SERVICE, JENNY BUCHANAN, JENNIFER )
GILES, JENNIFER DAVIS, )
JENATUURLIJKEZELF.NL, JANET OBIRI, )
JANA DOJAVOVA, JAN WECHSLER JAN )
WECHSLER, JAMES SKIPPER, JAMES ROY )
ADAMS JAMES ROY ADAMS, JAMES )
MALLOY, JAMES DAVIS, JAMES COOPER, )
JAMES CHEN, JAKE CAMPBELL, JAFET )
LAMOUTH, JADE GOTHARD, JACOB )
SAUNDERS, JACKER SUSAN, ISABEL )
STEINER, ISAAC BRYANT, IONA )
BURCHELL, INCESTMETJEZOON.NL, )
IMOGEN WOODWARD, IKBAL HUSSAIN, )
HUY PHAM VAN, HUO MINJIE, HUIRU LI, )
HUI ZHU YANG, HUANGZHILONG )
HUANGZHILONG, HUANGT HUANG, )
HUANG XUE, HUANG XIE, HUANG XIAO )
MING, HUANG SAN, HUANG NA, HUANG )
JIN ZHUA, HUANG JIANFU, HUANG )
HAITAO, HUANG DINGSONG, HUAN WU, )
HUAN HUAN, HUACHAO TYNDALL, HUA )
ZUO, HUA ZI, HUA LI, HU QI, HU DONG, )
HTING, HOLLY BERGMAN, HINDMARSH )
SAMANTHA, HERRERA GUSTAVO, HENG )
TIAN, HEALY MELANIE, HE LIJUN, )
HAWKEN.EU, HARALD  RIPPEL, )
HANZEVASTCAPITALS.NL, HANLE, )
HANHAN, HAN YI SHEN, HAN JIANKANG, )
HAMBALI FAIZAH, HALPIN DAVID, H )
TING, GUOQIANG CHEN, GUO XIAO DAI, )
GUANGPU LIANG, GREPPERUD EDNA, )
GREENBLATT SHARON, GRACIE )
SHEPHERD, GONG YONG ZENG, )
GO2016SUNGLASS.COM, GLENN CRUZ, )
GLASSESVIP.CC, GLASSESFR.SITE, )
GIBBONS PAMELA, GIACOMO VENTRICI, )
GERBSTYLE.COM, GEORGE LUCAS, GE )
HR, GE GE, GARY K. CAMARILLO, GAJOS )
JOANNA, GABRIELLE DYER GABRIELLE )
DYER, GABRIEL HOOPER, FYSIOCITY.NL, )
FRANCESCA TYLER, )
FLOWERSBYFAX.NET.AU, FIONA FIONA, )
FENG YUN, FENG MANMAN, FENG LONG, )
FENG LIN, FENG LIN, FELIX )

EMMANUELLA, FEIYU LIU, FDSIW FDSIW, )
FDSFDS FDSFDS, FDSF FDSF, )
FASHIONOUTLET.CC, FANGPAI81 MENG, )
FANG FU YI, EYEWEARONLY.COM, EVE )
TAYLOR, E-USINE.FR, )
ETENBIJDEBOOM.NL, ERIN MILES, ERIN )
FIELD, EN CHENG LEI, EMMA HILL, )
EMILY BAKER, ELSA BRENA, ELIN )
RØNNEVIK, ELEGANT-SHOPPE.COM, )
EHANDBAGMALL.COM, EGLASSES.SITE, )
EGBERSMANAGEMENTSUPPORT.NL, )
EDWARDS KRISTIAN, DUSHAJ MARK, DU )
PANG, DU KANG, DSFE DSFE, DOROTHY )
GOODSON, DONG SHIJIE, DOMERGUE )
CECILE, DIYRBSTROE.COM, DISTANT )
LOVE, DISCOUNTRAY- )
BANSUNGLASSES.COM, DING SHANSHI, )
DILLYHOME.FR, DIGIKALENDER.NL, DIEZ)
ANA BELEN, DIANA JAGER, DI REN LAN, )
DHEERE BABALETSOS ALINA, DENNIS )
THIELEN, DENNIS THIELEN (2), DENNIS )
BACHMEIER, DEHUA DUAN, DEAN )
CANTER, DCBAXI, DAWSON JOANNA, )
DAVIES HELEN, DAVID WEBB, DAVID )
CONN, DAVE WHITE, DARA HOTALING, )
DAN THURSTON, DALE CAMPBELL, DA )
XIAN HUANG, DA LI, DA LI (2), DA GE )
ZHU, CYNTHIA BETZCYNTHIA BETZ, CXZ )
ASCXZ, CUONG THINH, CUI QUANJIAN, )
CRYSTAL NICHOLS, CRISTINA MARTINEZ )
LADRON, COX STEPHEN, CORNELL PIERS,)
COPELAND MARK, COOLSTORE.CC, )
COOLSALE.CO, COOLOUTLET.CC, )
COOLGLASSES.CC, CONSTANCE )
LANDERS, CONNOLLY CALLUM, CONNIE )
SHULTZ, COKUDESIGN.NL, COCOLI, )
COCOLI (2), COCKRAM LINDA, CLARE )
SMITH, CLARD DICK, CL SERVICE, )
CHRYSO MATTHAIOU, CHRISTINA )
BRATTON, CHRIS SALA, CHONGXIN LI, )
CHENXUEMING, CHENXIAOFENG, )
CHENRUI SUN, CHENRUI SUN (2), )
CHENRUI SUN, CHENRUI SUN, )
CHENMINGCHUN, CHENJUN, )
CHENGXIANG HAN, CHENG WEN YING, )
CHEN ZHONGHUANG, CHEN ZHIHONG, )

CHEN YUECHAN, CHEN YI, CHEN WEN,      )
CHEN WEI, CHEN LAI, CHEN JUN, CHEN     )
CHEN, CHELSEA HILTON,                   )
CHEAPSUNSALEONLINE.COM,                 )
CHEAPRAYBANSALES.COM, CHARLOTTE )
LUCCHESI CHARLOTTE LUCCHESI,            )
CHARLIE STEPHENSON, CHAOTIAN GAO, )
CHANTAL MARUF,                          )
CATTERYMATISSE.NL, CARLOTA              )
ARNOLD, CARBARA COLANGELO, CARA        )
FUN, CAPIVENS-PRIJS.NL,                 )
CANTAREMIJDRECHT.NL, CALERIO            )
LUIGI, CALABY ELAINE,                   )
BUYJERSEYS.NET, BUY-ENJOY.COM,          )
BUYCLUB.SITE, BUNTSCHOOL.NL,            )
BRUGESANDBREAKFAST.BE, BRIAN            )
JONES, BRANDHANDBAGSHOES.COM,           )
BOWER SHAM,                             )
BOLLENSTREEKBORRELS.NL, BLAKE           )
BLAKE, BIXIANG LIN, BIXIANG LIN,        )
BIXIANG LIN, BIXIANG LIN (2), BIXIANG   )
LIN, BIXIANG LIN, BINGCHUN QIN, BILLY )
HARVEY, BEVERLEY OWOO-GRANT,            )
BETTY SALAZAR, BETTERSTORE.CC,          )
BERTHA RAMIREZ, BENJAMIN                )
NEUSTADT, BENJAMIN HOOVER, BEN          )
COOK, BELL LISA, BEALES LOREN, BASS     )
RHYS, BASS CHRISTOPHER, BARNES          )
CONNIE, BARBARA ELKSBARBARA ELKS, )
BAO ZHU NI, BAO NANTING,                )
BAKSHANDEH IGAL, BAI SHILAIFU,          )
BAGGUMARTES.COM, AUSS METALS PTY )
LTD, ATELIERSTRUISJE.NL, ASCXZ CXZ,     )
AOUNG DEEP, AO LI, ANNETT BADER,        )
ANNE CURLAND, ANJA AACHEN,              )
ANGELA WALLACE, ANDREAS ANNA,           )
ANDARSON MARTH, AMY LONG AMY            )
LONG, AMY BLOOM, AMELIE SHAW,           )
ALTA SANDIFER, ALLEZEILENBIJ.NL,        )
ALISON MCCALLUM ALISON                  )
MCCALLUM, ALISON GRAY, ALICIA           )
MORRISON, ALEXANDER ZAIER, ALBERT )
LIM, ALAN WALLMAN, AILISI, ADAM         )
HERBERT, ABEL CARRY, ABCDWEN,           )
ABCDWEN (2), AARON CARR, A FU JI,       )
409.NET.AU, 24HSALES.ONLINE,            )

2016RB.NET, 123HAARUITVAL.NL,　　　　)
1624356, 13031123410SE43,　　　　　　)
13051774345SE20, 13164291429CE26,　　)
13241571843CE46, 13260112419SE27,　　)
2CN0585, ALIWZZ, CHIJU818_2,　　　　　)
DUPI161847-0, EDDIESTORE2008,　　　　)
ERHRUA0, FBAQPI73XG3663,　　　　　　)
FENHUI2360029, FEPZRE541LC7450,　　　)
GOODYES, GUANGZHOU GUANGWEIDE　　)
TRADE CO., LTD., H4616254YOUGU8731,　)
HDCRAFTER SUNGLASSES STORE,　　　　)
HERANG169857, HMILBO,　　　　　　　)
IGANG3240ADY60-6, IULAW2837OSFX44,　)
IYMLEG90VY26-9, JIAOSUI817-8,　　　　)
JIAOXIEZHE69-5, JICONG7719-2,　　　　)
JIGANG855044, JINGNAIYU2961,　　　　　)
JUSTEYEVISION, K FASHION CLOTHING,　)
KEIXKA832XI052-1, LANXIANOU88258,　　)
LIUYI24545875-4, MC4054SALR60135,　　)
NINGBO SENSE ENJOY TRADE CO., LTD.,　)
OOAOO GLASSES,　　　　　　　　　　)
OUTDOORSPORTSUNION, PAN68511552-4, )
PAOZIXUN188642_4, PPMGC75RICP13-3,　)
QIJUE569790-2, SHENZHEN BYB GLASSES )
CO., LTD., SHENZHEN SS SUNGLASSES　　)
INVESTMENT CO., LTD.,　　　　　　　)
STUFFSHANGHAI, SUNSHINE FASHION　　)
STORE, SZHMA510, TANJIAN581-2,　　　)
TIANJUXIE462-0, UGUCR6642ISD87_8,　　)
UYFHVC51MD17_8, VICKY_GIFT,　　　　)
WENZHOU CHENGYE OPTICAL CO., LTD., )
WENZHOU INNOVISION OPTICAL CO.,　　)
LTD., WENZHOU TIMELESS TRADING CO.,)
LTD., WYDEGW023EE207-6,　　　　　　)
XD7337PIWP267-5, XERBXN341DC54-1,　　)
XIN-OU EYEGLASSES & ACCESSORIES　　)
WHOLESALE STORE, XUANTUISHI50_2,　　)
XUBUPEN476712_2, XUNMO-JK,　　　　　)
ZA5603OIGG875-3, ZHANGJIAOJU99_5,　　)
ZHEJIANG OUHAI INTERNATIONAL　　　)
TRADE CORP., ZWH_1129JUAN, and　　　)
ZXUVFJ59IX741,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　　　　　)
_____)

10

**AMENDED COMPLAINT**

Plaintiffs Luxottica Group S.p.A. and Oakley, Inc. (together, "Plaintiffs") hereby bring the present action against ZHIQIANG ZHAO, ZUZHISHUAI, ZONWERINGSUNCOMFORT.BE, ZHUANG GUIRAN, ZHU WEI, ZHOU DONG, ZHOU DA FU, ZHONGQIN JIANG, ZHILINWU, ZHILIN WU, ZHENYONG ZHANG, ZHENGZHENG, ZHENG ZHENG, ZHEN NAN SHEN, ZHAO LONG, ZHAO DEQUN, ZHAO DEQUN (2), ZHAO BUYUN, ZHANGYIYI ZHANGYIYI, ZHANGMING, ZHANGLIANYOU ZHANGLIANYOU, ZHANGJIKE ZHANGJIKE, ZHANG YUN LAI, ZHANG YIYI, ZHANG YIYI (2), ZHANG TAO, ZHANG SHASHA, ZHANG SHASHA (2), ZHANG SAN, ZHANG PING, ZHANG PING (2), ZHANG MING, ZHANG LU LU, ZHANG LIUDONG, ZHANG LIANYOU, ZHANG LI, ZHANG KAI, ZHANG CHANG YUAN, ZANE YACINE, YUNSI LI, YU XIA, YU FENG LAI, YM, YIYI ZHANG, YIXING MAO, YIXING MAO (2), YIXING MAO, YAOMING, YAO DING, YANGXU, YANG ZE TIAN, YANG XUN XIU, YANG QU, YANG LUO, YANG JING, YANG GUANG, XUQIU, XUE FU, XU JIANWEI, XU FEIPENG, XIUYUN LI, XIUYING TANG, XINSHIJUEYOUXIANGGONGSI, XINQIAN TYNDALL, XINQIAN TYNDALL (2), XINQIAN TYNDALL, XINQIAN RHYS, XINQIAN RHYS (2), XINQIAN RHYS, XINQIAN RHYS (2), XINGSHAO XING, XIN YUAN, XIN CHEN, XIE GUAN, XIAYU, XIAOYA WANG, XIAO XIA BAI, XIAO MIN, XIAO LIN, XIAO LILI, XIAO HUI, XIAO CHEN, XIANGYANGLI, XIANGYANG LI, XIAN LIN, XIA YU, WOOBUYIT.COM, WONG CHENLIN, WIZE COMMERCE, INC, WINSTANLEY GARETH, WILLIAM WALKER, WILLIAM JACKSON, WILBERTTINTEL.NL, WESTLOCKBALLHOCKEY.CA, WERKENBIJHEINZ.BE, WENG JUNPENG, WENBEN ZHOU, WENBEN ZHANG, WEN SUN, WEN SUN (2),

WELLOAK.NET, WEI YUAN CHE, WEI CHUN SHE, WEI CHUN GUI, WEI CHEN, WAYFARERSONNENBRILLEN.COM, WARDOTA16 WARDOTA16, WANG SANSIWANG SANSI, WANG HAI, WANG DIAN FANG, WANG CHONG, WANG CHANG JIN, WALLACE KEYNES, VVV-FRIESLAND.NL, VOGUEGLASSES.NET, VITO CHEUNG, VIOLETTAKINDEROPVANG.NL, VIOLA LUKACS, VILJA MARTINSSON, VIEWSUNGLASSES.CC, VICKIE WARD, VERDIENENENBESPAREN.NL, VAUTHIER VALERIE, VANIA DARSA, VALENTINO VATENT, VALENTIN UNGUREANU, VAIBHAV PENDSE VAIBHAV PENDSE, USRBSTYLE.COM, UNICREDIT DONATELLA, TRAVELELEMENTS.NL, TORRES SANDRA, TOPSUNS.SITE, TOPSUNGLASSES.CC, TONSTALK, TONI BARBER, TNEWS.CA, TINA HOOVER, TIMOTHY PERKINS, TIAN ZHANG, TIAN YI, TASHAWN PRINCE, TAPESHQ.COM, TANG ZEYONG, TAN ZHEYINGDS, TAN ZHEN HENG, TAN XIAO, TAME LEEANNE, TAI ZHAO, SUVAPARTS.COM, SUSANNE KLEIN SUSANNE KLEIN, SUROJIT DAS, SUN-ONSUNS.COM, SUNGLASSWIND.COM, SUNGLASSTRENDY.COM, SUNGLASSSHOPVIP.COM, SUNGLASSHUT-OUTLETSHOP-SALE.COM SUNGLASSHUT-OUTLETSHOP-SALE.COM, SUNGLASSHUTBOUTIQUESTORE-OUTLET-SALE.COM SUNGLASSHUTBOUTIQUESTORE-OUTLET-SALE.COM, SUNGLASSESVIP.CC, SUNGLASSESUK2U.COM, SUNGLASSESS-SHOP.COM, SUNGLASSESSITES.COM, SUNGLASSESPUB.CC, SUNGLASSESOP.COM, SUNGLASSESLIFE.CC, SUNGLASSESCLUB.CC, SUN3025.COM, SUN JIAO, SUMMERTIME SUNGLASSES, SUMI JANE, SUJIN ZHUO, SUFANG YU, SU QIN, SU JING, STUDIORAEF.NL, STEPHZION MZRSIOA, STEPHEN TIJERINA, STEFFEN HARTMANN, STEFAAN VELLEMANS, STEENGOED-WINTERSWIJK.NL,

STALDONKERS.NL, SONNENBRILLEHAUS.COM, SONG QIUXIANG, SOFIA WOODS, SLOTENSPECIALIST-ASSEN.NL, SLIWINSKA GOSIA, SKY, SKINCAREMANAGEMENT.COM, SIYU ZHANG, SIMON BANKS, SIMER OREY, SHUN SUN, SHUANHUA LI, SHU WINGAI, SHOPVIPMALL.COM, SHOPOFVIP.COM, SHILIN SHILIN, SHILAIFU BAI, SHILAI BAI, SHIHUA REN, SHIHUA REN (2), SHI LIN, SHI GERUAN, SHANNON K. BOLT, SHAN LI, SHADESMORE.CO, SDG-QUALITY.NL, SDF GG, SCHMIDHAMMER SILVIA, SANZHI HUANG, SANG HA, SAN ZHANG, SAMUEL MARSH, SALEOAK.NET, SA ER JIA, RYAN HOLMES, RUSTENINVROUWZIJN.NL, RUFA PEREZ REY, ROYCE, ROSARIO ROSARIO, ROGER HORTON, ROBERT DOWDEN, RITA WILKERSON, RISINGBASTARDSUTRECHT.NL, RIMARFOTO.NL, RICHARD SALMON, RICHARD MAJOR, RICHARD LASKA, RHYS GOODWIN, RESTAURANTTRENTA.NL, RENE PALEY, REN QING LONG, REGISTRANT OF UKPRB.COM, REGISTRANT OF RBZUC.COM, REGISTRANT OF RBWOOP.COM, REGISTRANT OF RBWNO.COM, REGISTRANT OF RBVDE.COM, REGISTRANT OF RBPORTUGAL.COM, REGISTRANT OF RB-MEXICO.COM, REGISTRANT OF ODSRB.COM, REGISTRANT OF DOLCEANDGABBANAGAFASDESOL2016.COM, REGISTRANT OF CHSWRB.COM, REGISTRANT OF AUSRBRB.COM, REGISTRANT OF AURBS-RB.COM, REGISTRANT OF ARURB.COM, REGINA PACHOLME, RBYVM.COM, RBYOP.COM, RBXADE.COM, RBWIU.COM, RBWIR.COM, RBWGO.COM, RBWCRY.COM, RBWAO.COM, RBWANNA.COM, RBVSTORES.COM, RBVIPESTORES.COM, RBUJX.COM, RBUCTS.COM, RBSUPER.COM, RB-SUNGLASSESPOSTS.COM, RBSMV.COM, RBSHOPEUROPE.COM, RB-RQ.COM, RBROP.COM, RBRMO.COM, RBRMCY.COM, RBQLP.COM, RBPLO.COM,

RBOSOO.COM, RBOIR.COM, RBOIP.COM, RBOFFHOME.COM, RBMRMW.COM, RBMCOM.COM, RBMBUY.COM, RBMARG.COM, RBMAGER.COM, RBJAF.COM, RBIUA.COM, RBHEN.COM, RBGOL.COM, RBGNR.COM, RBGLASSHUTS.COM, RBGERS.COM, RBFROMCHINA.EU, RB-FORYOU.COM, RBEIP.COM, RBDREAM.COM, RBDFO.COM, RBDEXE.COM, RBCNR.COM, RBBIL.COM, RBAPP.NET, RBAGM.COM, RBAEO.COM, RAYBANSUNGLASSESOUTLETSTOREONSALE.COM, RAYBAN-SUNGLASSESOUTLETS.COM, RAYBANKOPEN.NL, RAYBAN4SALE.COM, RAY WHITE, QUN LIN, QUINN EDWARD, QINGQIANG YANG, QING LIN, QIN FENG, QIANG WU, QI QIANG, QI QIANG (2), PREDKI EWA, POWDRILL RICHARD, POPGLASSES.CC, POLICE-SUNGLASSES.US.COM, PIZZERIA-RESTAURANT-PRIMA-LEGGE.BE, PING KHAISTANG, PING GUO REN, PHYLLIS JENSON, PHILLIPS COLEMAN, PETER NORMANN, PETER POWELL, PEREIRA ANABELLE, PEPS-CATERING.NL, PEPIJNHEMELAAR.NL, PELAWEBDESIGN.NL, PAZO DANIEL, PAYMENTREDESIGN.EU, PAUL FROOME, PATRICKBROWN, PATRICIO GONZALEZ, PARROTIA.NL, PAN ZHENG, PALENCIA GABRIEL, PAIVA EMMANUELLE, OSLEI OSLEI, OSCAR DOHERTY, OSALE-EYEWEAR.NL, ONS-HILVERSUM.NL, ONLINEGLASSES.CC, OKVIPSELL.COM, OKUSTORES.COM, OKUSTOP.COM, OKUSHOPS.COM, OKUKSHOP.COM, OKSUNGLASSVIP.COM, OKSALE.SITE, OKRAYBAN.COM, OKNEWSELL.COM, OKLSALE.COM, OKLONSALE.COM, OKLHUT.COM, OKHOTPOP.COM, OKFF EEEE, ODONNELL MICHELLE, O'CONNOR ANNE, OBIANO EMILYN, OAKQR.COM, OAKLF.COM, OAKLEY-OUTLET.ORG, NYCENSPICE.CA, NIU QING CHEN, NIKLAS THEISSEN NIKLAS THEISSEN, NICOLA EVANS, NICOL DUCHAINE, NICHOLAS M. KIVI, NIAMH NASH, NEIL MARINO,

NAVEED DANISH, NANCY, MURABI, MSHOPJERSEYS.COM, MORRIS MELISSA, MISHA WELCH, MINARIK CETIN, MIN KE, MILIEURAADBUSSUM.NL, MILDRED ROEMER, MIKILU.CA, MIKEAN ANGIE, MIKE GOLDSCHMIDT, MICHIE AUDREY, MICHAEL OSTERHAGEN, MICHAEL EVANS, MIA MURPHY, MI ZHANG, MENGHUI XIE, MEMUNA KAMARA, MELONASSTEPHANIE, MELISSA IDELSON, MEILI LIN, MEG POTTER, MECAPRODUCTS.BE, MCDONAGH GERALDINE, MCCURRACH FIONA, MAYHEW GARREAU, MASSIE SANDRA, MARYS LIDAN, MARY QUILLEN, MARY JOHN, MARY, MARVIN RIEVER, MARTIN KYLE, MARSHALL MARGARET, MARK DAVIS, MARIO CARROLL MARIO CARROLL, MARIO CARROLL, MARIO BERGMANN, MARINA ADAMS, MARILYN WITTE, MARILYN WITTE (2), MARÍIA MARÍIA, MARIA WIRTZ, MARGARET HOMA, MARGARET HOMA (2), MARCO ABT, MANGER-SMITH MARION, MADHU INDURTHI, MA TENG, MA KE, M. GROEN, LUO YANG, LUO CHENG AN, LUO BO BA, LUNETTESSOLEILPASCHER.FR, LUNDSTROM NADJA, LUKE FITZGERALD, LUDWIG RHYS, LUDWIG RHYS (2), LUCY READ, LUCA HOUGHTON, LU WA HU, LU JUN, LOWA LUND, LOVELYSALE.ONLINE, LOPEZ DEBORAH, LONG TANG, LONG DAN, LLOYD STEWART, LIXIUYUN, LIUQIU LIU, LIU YUAN, LIU YAN, LIU XING, LIU KAI SI, LIU GANG, LIU CHAO, LIU, LISA CHO, LIRONG SHI, LINKSTROE.COM, LING YU, LINDA PAUGH, LINDA MINARIK, LIN YANG, LIN XIAN SHENG, LIN QING DI, LIN PENG, LIN MING, LIN MIN, LIN MEI JUN, LIN LIN, LIN LI LI, LIN JIMEILIN JIMEI, LIN HAIPENG, LIN FU HUANG, LIN CHENG, LIKAI MO, LIANG XIAOJIA, LIANG WU, LIANG WEN LONG, LI YUFEI, LI XIUYUN, LI XINTAO, LI XING, LI SHIXUN, LI REN FENG, LI QIANG, LI PINGLONG, LI NING, LI NING (2), LI MEI YANG, LI MA, LI LI, LI LEI, LI LEI, LI KUN, LI JIAN GANG, LI HUI

RU, LI DA, LI CHEN, LI CHADE, LEO C, LENA SCHWEITZER, LENA NORDIN LINDERQVIST, LEI ZHAO, LEI KELI, LEE JEFF, LEE ANDY, LEDET EARLENE, LEANOK.NL, LEAH KELLY, LAWRENCE MARILYN, LAURA LEWIS, LAURA COLES, LAURA BARNES UK, LARA CHAPMAN, LAI FEI, LAI FEI (2), LAI CHEN, KRISTIN PFEFFER, KRISH RAVINDRAN, KOR LIN, KOGEL KDD, KOBE SONG, KLUNDERLICHTENGELUID.NL, KING WENE, KINCAWN TYLRE, KEMERLING ANNE, KELLY VINCENT, KEITHWHITE, KEITH DENNIS, KE LIU, KE KEMING, KE CHEN, KAY COLE, KATHARINA EGGERS, KARIN KAESTNER, KARIMAGOKO BARBARA, KAKAQIU, KAI WANG, JUSTIN HOLMES, JUNE D LYONS, JUN CHEN, JU ZILAN, JOYCE RICHARDSON, JOY ZHANG, JOHN MAXFIELD, JOHN LILI, JOHN, JOE MCLEAN, JOE DYER, JOANNA POLAREK, JOANN, JINLIN HUANG, JINJUN LIN, JINJUN LIN (2), JING YAN, JING XIANG XIAO, JIN YANG, JIANXIA LIN, JIANHUA LEI, JIANG LU, JIANG HUO, JIANFU HUANG, JIAN GANG LI, JI QI, JEWELRY SERVICE, JENNY BUCHANAN, JENNIFER GILES, JENNIFER DAVIS, JENATUURLIJKEZELF.NL, JANET OBIRI, JANA DOJAVOVA, JAN WECHSLER JAN WECHSLER, JAMES SKIPPER, JAMES ROY ADAMS JAMES ROY ADAMS, JAMES MALLOY, JAMES DAVIS, JAMES COOPER, JAMES CHEN, JAKE CAMPBELL, JAFET LAMOUTH, JADE GOTHARD, JACOB SAUNDERS, JACKER SUSAN, ISABEL STEINER, ISAAC BRYANT, IONA BURCHELL, INCESTMETJEZOON.NL, IMOGEN WOODWARD, IKBAL HUSSAIN, HUY PHAM VAN, HUO MINJIE, HUIRU LI, HUI ZHU YANG, HUANGZHILONG HUANGZHILONG, HUANGT HUANG, HUANG XUE, HUANG XIE, HUANG XIAO MING, HUANG SAN, HUANG NA, HUANG JIN ZHUA, HUANG JIANFU, HUANG HAITAO, HUANG DINGSONG, HUAN WU, HUAN HUAN, HUACHAO TYNDALL, HUA

ZUO, HUA ZI, HUA LI, HU QI, HU DONG, HTING, HOLLY BERGMAN, HINDMARSH SAMANTHA, HERRERA GUSTAVO, HENG TIAN, HEALY MELANIE, HE LIJUN, HAWKEN.EU, HARALD RIPPEL, HANZEVASTCAPITALS.NL, HANLE, HANHAN, HAN YI SHEN, HAN JIANKANG, HAMBALI FAIZAH, HALPIN DAVID, H TING, GUOQIANG CHEN, GUO XIAO DAI, GUANGPU LIANG, GREPPERUD EDNA, GREENBLATT SHARON, GRACIE SHEPHERD, GONG YONG ZENG, GO2016SUNGLASS.COM, GLENN CRUZ, GLASSESVIP.CC, GLASSESFR.SITE, GIBBONS PAMELA, GIACOMO VENTRICI, GERBSTYLE.COM, GEORGE LUCAS, GE HR, GE GE, GARY K. CAMARILLO, GAJOS JOANNA, GABRIELLE DYER GABRIELLE DYER, GABRIEL HOOPER, FYSIOCITY.NL, FRANCESCA TYLER, FLOWERSBYFAX.NET.AU, FIONA FIONA, FENG YUN, FENG MANMAN, FENG LONG, FENG LIN, FENG LIN, FELIX EMMANUELLA, FEIYU LIU, FDSIW FDSIW, FDSFDS FDSFDS, FDSF FDSF, FASHIONOUTLET.CC, FANGPAI81 MENG, FANG FU YI, EYEWEARONLY.COM, EVE TAYLOR, E-USINE.FR, ETENBIJDEBOOM.NL, ERIN MILES, ERIN FIELD, EN CHENG LEI, EMMA HILL, EMILY BAKER, ELSA BRENA, ELIN RØNNEVIK, ELEGANT-SHOPPE.COM, EHANDBAGMALL.COM, EGLASSES.SITE, EGBERSMANAGEMENTSUPPORT.NL, EDWARDS KRISTIAN, DUSHAJ MARK, DU PANG, DU KANG, DSFE DSFE, DOROTHY GOODSON, DONG SHIJIE, DOMERGUE CECILE, DIYRBSTROE.COM, DISTANT LOVE, DISCOUNTRAY-BANSUNGLASSES.COM, DING SHANSHI, DILLYHOME.FR, DIGIKALENDER.NL, DIEZ ANA BELEN, DIANA JAGER, DI REN LAN, DHEERE BABALETSOS ALINA, DENNIS THIELEN, DENNIS THIELEN (2), DENNIS BACHMEIER, DEHUA DUAN, DEAN CANTER, DCBAXI, DAWSON JOANNA, DAVIES HELEN, DAVID WEBB, DAVID CONN, DAVE WHITE, DARA HOTALING, DAN

THURSTON, DALE CAMPBELL, DA XIAN HUANG, DA LI, DA LI (2), DA GE ZHU, CYNTHIA BETZCYNTHIA BETZ, CXZ ASCXZ, CUONG THINH, CUI QUANJIAN, CRYSTAL NICHOLS, CRISTINA MARTINEZ LADRON, COX STEPHEN, CORNELL PIERS, COPELAND MARK, COOLSTORE.CC, COOLSALE.CO, COOLOUTLET.CC, COOLGLASSES.CC, CONSTANCE LANDERS, CONNOLLY CALLUM, CONNIE SHULTZ, COKUDESIGN.NL, COCOLI, COCOLI (2), COCKRAM LINDA, CLARE SMITH, CLARD DICK, CL SERVICE, CHRYSO MATTHAIOU, CHRISTINA BRATTON, CHRIS SALA, CHONGXIN LI, CHENXUEMING, CHENXIAOFENG, CHENRUI SUN, CHENRUI SUN (2), CHENRUI SUN, CHENRUI SUN, CHENMINGCHUN, CHENJUN, CHENGXIANG HAN, CHENG WEN YING, CHEN ZHONGHUANG, CHEN ZHIHONG, CHEN YUECHAN, CHEN YI, CHEN WEN, CHEN WEI, CHEN LAI, CHEN JUN, CHEN CHEN, CHELSEA HILTON, CHEAPSUNSALEONLINE.COM, CHEAPRAYBANSALES.COM, CHARLOTTE LUCCHESI CHARLOTTE LUCCHESI, CHARLIE STEPHENSON, CHAOTIAN GAO, CHANTAL MARUF, CATTERYMATISSE.NL, CARLOTA ARNOLD, CARBARA COLANGELO, CARA FUN, CAPIVENS-PRIJS.NL, CANTAREMIJDRECHT.NL, CALERIO LUIGI, CALABY ELAINE, BUYJERSEYS.NET, BUY-ENJOY.COM, BUYCLUB.SITE, BUNTSCHOOL.NL, BRUGESANDBREAKFAST.BE, BRIAN JONES, BRANDHANDBAGSHOES.COM, BOWER SHAM, BOLLENSTREEKBORRELS.NL, BLAKE BLAKE, BIXIANG LIN, BIXIANG LIN, BIXIANG LIN, BIXIANG LIN (2), BIXIANG LIN, BIXIANG LIN, BINGCHUN QIN, BILLY HARVEY, BEVERLEY OWOO-GRANT, BETTY SALAZAR, BETTERSTORE.CC, BERTHA RAMIREZ, BENJAMIN NEUSTADT, BENJAMIN HOOVER, BEN COOK, BELL LISA, BEALES LOREN, BASS RHYS, BASS CHRISTOPHER, BARNES CONNIE, BARBARA ELKSBARBARA ELKS,

18

BAO ZHU NI, BAO NANTING, BAKSHANDEH IGAL, BAI SHILAIFU, BAGGUMARTES.COM, AUSS METALS PTY LTD, ATELIERSTRUISJE.NL, ASCXZ CXZ, AOUNG DEEP, AO LI, ANNETT BADER, ANNE CURLAND, ANJA AACHEN, ANGELA WALLACE, ANDREAS ANNA, ANDARSON MARTH, AMY LONG AMY LONG, AMY BLOOM, AMELIE SHAW, ALTA SANDIFER, ALLEZEILENBIJ.NL, ALISON MCCALLUM ALISON MCCALLUM, ALISON GRAY, ALICIA MORRISON, ALEXANDER ZAIER, ALBERT LIM, ALAN WALLMAN, AILISI, ADAM HERBERT, ABEL CARRY, ABCDWEN, ABCDWEN (2), AARON CARR, A FU JI, 409.NET.AU, 24HSALES.ONLINE, 2016RB.NET, 123HAARUITVAL.NL, 1624356, 13031123410SE43, 13051774345SE20, 13164291429CE26, 13241571843CE46, 13260112419SE27, 2CN0585, ALIWZZ, CHIJU818_2, DUPI161847-0, EDDIESTORE2008, ERHRUA0, FBAQPI73XG3663, FENHUI2360029, FEPZRE541LC7450, GOODYES, GUANGZHOU GUANGWEIDE TRADE CO., LTD., H4616254YOUGU8731, HDCRAFTER SUNGLASSES STORE, HERANG169857, HMILBO, IGANG3240ADY60-6, IULAW2837OSFX44, IYMLEG90VY26-9, JIAOSUI817-8, JIAOXIEZHE69-5, JICONG7719-2, JIGANG855044, JINGNAIYU2961, JUSTEYEVISION, K FASHION CLOTHING, KEIXKA832XI052-1, LANXIANOU88258, LIUYI24545875-4, MC4054SALR60135, NINGBO SENSE ENJOY TRADE CO., LTD., OOAOO GLASSES, OUTDOORSPORTSUNION, PAN68511552-4, PAOZIXUN188642_4, PPMGC75RICP13-3, QIJUE569790-2, SHENZHEN BYB GLASSES CO., LTD., SHENZHEN SS SUNGLASSES INVESTMENT CO., LTD., STUFFSHANGHAI, SUNSHINE FASHION STORE, SZHMA510, TANJIAN581-2, TIANJUXIE462-0, UGUCR6642ISD87_8, UYFHVC51MD17_8, VICKY_GIFT, WENZHOU CHENGYE OPTICAL CO., LTD., WENZHOU INNOVISION OPTICAL CO., LTD., WENZHOU TIMELESS TRADING CO.,

LTD., WYDEGW023EE207-6, XD7337PIWP267-5, XERBXN341DC54-1, XIN-OU EYEGLASSES & ACCESSORIES WHOLESALE STORE, XUANTUISHI50_2, XUBUPEN476712_2, XUNMO-JK, ZA5603OIGG875-3, ZHANGJIAOJU99_5, ZHEJIANG OUHAI INTERNATIONAL TRADE CORP., ZWH_1129JUAN, and ZXUVFJ59IX741 identified on Schedule A attached hereto (collectively, "Defendants") and allege as follows:

## I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Internet stores operating under the Defendant Domain Names and/or the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products bearing counterfeit versions of Plaintiffs' trademarks. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold counterfeit products

bearing counterfeit versions of Plaintiffs' trademarks to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiffs substantial injury in the State of Illinois.

## II. INTRODUCTION

3.     This action has been filed by Plaintiffs to combat online counterfeiters who trade upon Plaintiffs' reputations and goodwill by selling and/or offering for sale unauthorized and unlicensed counterfeit products, including eyewear, using counterfeit versions of Plaintiffs' federally registered trademarks (the "Counterfeit Products"). Defendants create the Defendant Internet Stores by the hundreds and design them to appear to be selling genuine products, while actually selling Counterfeit Products to unknowing consumers. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the counterfeit products offered for sale, establishing a logical relationship between them and suggesting that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their counterfeiting operation. Plaintiffs are forced to file this action to combat Defendants' counterfeiting of their registered trademarks, as well as to protect unknowing consumers from purchasing Counterfeit Products over the Internet. Plaintiffs have been and continue to be irreparably damaged through consumer confusion, dilution, and tarnishment of their valuable trademarks as a result of Defendants' actions and seek injunctive and monetary relief.

## III. THE PARTIES

**Plaintiffs**

**Plaintiff Luxottica**

4.      Plaintiff Luxottica Group S.p.A. ("Luxottica") is a corporation duly organized under the laws of Italy with its principal place of business in Milan, Italy and an office located at 4000 Luxottica Place, Mason, Ohio 45040-8114. Luxottica is, in part, engaged in the business of producing, manufacturing and distributing throughout the world, including within this judicial district, premium, luxury and sports eyewear products under federally registered trademarks, including, but not limited to, the RAY-BAN® family of marks.

5.      For generations, the Ray-Ban brand has been the undisputed world leader in the field of sun and prescription eyewear products, including those which prominently display the famous, internationally recognized, and federally registered RAY-BAN trademarks (collectively, the "Ray-Ban Products").

6.      Ray-Ban Products have become enormously popular and even iconic, driven by the brand's arduous quality standards and innovative design. Among the purchasing public, genuine Ray-Ban Products are instantly recognizable as such. In the United States and around the world, the Ray-Ban brand has come to symbolize high quality, and Ray-Ban Products are among the most recognizable eyewear in the world. Ray-Ban Products are distributed and sold to consumers through retailers throughout the United States, including through authorized retailers in Illinois such as Sunglass Hut and high-end department stores, and through the official Ray-Ban.com website, which was launched in 1995 and began e-commerce sales in 2009.

7.      Luxottica and its predecessors began using the RAY-BAN trademarks in 1937 and have continuously sold eyewear under the RAY-BAN and other trademarks (collectively, the

"RAY-BAN Trademarks"). As a result of this long-standing use, strong common law trademark rights have amassed in the RAY-BAN Trademarks. Luxottica's use of the marks has also built substantial goodwill in and to the RAY-BAN Trademarks. The RAY-BAN Trademarks are famous marks and valuable assets of Luxottica. Ray-Ban Products typically include at least one of the registered RAY-BAN Trademarks.

8. Several of the RAY-BAN Trademarks are registered with the United States Patent and Trademark Office, a non-exclusive list of which is included below.

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 595,513 | WAYFARER | For: Sunglasses in class 9. |
| 650,499 | *Ray-Ban* | For: Sunglasses, shooting glasses, and ophthalmic lenses in class 9. |
| 1,080,886 | RAY-BAN | For: Ophthalmic products and accessories, namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, and spectacles in class 9. |
| 1,093,658 | *Ray-Ban* | For: Ophthalmic products and accessories, namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles; and cases and other protective covers for sunglasses, eyeglasses, and spectacles in class 9. |

| | | |
|---|---|---|
| 1,320,460 |  | For: Sunglasses and carrying cases therefor in class 9. |
| 1,490,305 | RAY-BAN | For: Clothing, namely, t-shirts in class 25. |
| 1,537,974 | CLUBMASTER | For: Sunglasses in class 9. |
| 1,726,955 |  | For: Bags; namely, tote, duffle and all purpose sports bags in class 18.<br><br>For: Cloths for cleaning ophthalmic products in class 21.<br><br>For: Clothing and headgear, namely, hats in class 25. |
| 2,718,485 | RAY-BAN | For: Goods made of leather and imitation leather, namely, wallets, card cases for business cards, calling cards, name cards and credit cards in class 18.<br><br>For: Clothing for men and women, namely, polo shirts; headgear, namely, berets and caps in class 25. |
| 3,522,603 |  | For: Sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, and cases for eyeglasses in class 9. |

9.      The above U.S. registrations for the RAY-BAN Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065.   The registrations for the RAY-BAN Trademarks constitute *prima facie* evidence of their validity and of Luxottica's exclusive right to use the RAY-BAN Trademarks pursuant to 15 U.S.C. § 1057 (b).  True and correct copies of the United States Registration Certificates for the above-listed RAY-BAN Trademarks are attached hereto as **Exhibit 1**.

10.      The RAY-BAN Trademarks are distinctive when applied to the Ray-Ban Products, signifying to the purchaser that the products come from Luxottica and are manufactured to Luxottica's quality standards.   Whether Luxottica manufactures the products itself or contracts with others to do so, Luxottica has ensured that products bearing the RAY-BAN Trademarks are manufactured to the highest quality standards.

11.      The RAY-BAN Trademarks are famous marks, as that term is used in 15 U.S.C. § 1125(c)(1), and have been continuously used and never abandoned. The innovative marketing and product designs of the Ray-Ban Products have enabled the Ray-Ban brand to achieve widespread recognition and fame and have made the RAY-BAN Trademarks some of the most well-known marks in the sun and prescription eyewear industry.   The widespread fame, outstanding reputation, and significant goodwill associated with the Ray-Ban brand have made the RAY-BAN Trademarks valuable assets of Luxottica.

12.      Luxottica has expended substantial time, money, and other resources in advertising and promoting the RAY-BAN Trademarks.  In fact, Luxottica has expended millions of dollars annually in advertising, promoting and marketing featuring the RAY-BAN Trademarks.  Ray-Ban Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs.  As a result, products bearing the RAY-

BAN Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Luxottica. Ray-Ban Products have become among the most popular of their kind in the U.S. and the world. The RAY-BAN Trademarks have achieved tremendous fame and recognition which has only added to the inherent distinctiveness of the marks. *Id.* As such, the goodwill associated with the RAY-BAN Trademarks is of incalculable and inestimable value to Luxottica.

13. Genuine Ray-Ban Products are sold only through authorized retail channels and are recognized by the public as being exclusively associated with the Ray-Ban brand.

14. Since at least as early as 2009, genuine Ray-Ban Products have been promoted and sold at the official Ray-Ban.com website. Sales of Ray-Ban Products via the Ray-Ban.com website are significant. The Ray-Ban.com website features proprietary content, images and designs exclusive to the Ray-Ban brand.

**Plaintiff Oakley, Inc.**

15. Plaintiff Oakley, Inc. ("Oakley") is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

16. Plaintiff Oakley is an indirect, wholly-owned subsidiary of Luxottica.

17. Oakley is an internationally recognized manufacturer, distributor and retailer of sports eyewear, apparel, footwear, outerwear, jackets, accessories and other merchandise, all of which prominently display its famous, internationally-recognized and federally-registered trademarks, including OAKLEY and various Icon logos (collectively, the "Oakley Products"). Oakley Products have become enormously popular and even iconic, driven by Oakley's arduous quality standards and innovative design. Among the purchasing public, genuine Oakley Products

are instantly recognizable as such. In the United States and around the world, the Oakley brand has come to symbolize high quality, and Oakley Products are among the most recognizable eyewear, headwear, footwear, outerwear, jackets and apparel in the world.

18.     Oakley Products are distributed and sold to consumers through retailers throughout the United States, including through authorized retailers in Illinois, the official oakley.com website which was launched in 1995, and Oakley O Stores, including one located at 835 N. Michigan Avenue in Chicago, Illinois.

19.     Oakley incorporates a variety of distinctive marks in the design of its various Oakley Products. As a result of its long-standing use, Oakley owns common law trademark rights in its OAKLEY Trademarks. Oakley has also registered its trademarks with the United States Patent and Trademark Office. Oakley Products typically include at least one of Oakley's registered trademarks. Often several Oakley marks are displayed on a single Oakley Product. Oakley has registered its trademarks with the United States Patent and Trademark Office. Oakley uses its trademarks in connection with the marketing of its Oakley Products, including the following marks which are collectively referred to as the "OAKLEY Trademarks."

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 1,519,823 | OAKLEY | For: Athletic bags in class 18. |
| 1,521,599 | OAKLEY | For: Sunglasses and accessories for sunglasses, namely, replacement lenses, ear stems and nose pieces in class 9. |
| 1,522,692 | OAKLEY | For: Clothing, namely, shirts and hats in class 25. |
| 1,552,583 | OAKLEY | For: Goggles in class 9. |
| 2,293,046 | OAKLEY | For: Clothing, headwear and footwear and footwear, namely, sport shirts, jerseys, shirts, jackets, vests, sweatshirts, pullovers, coats, ski pants, headwear, caps, shoes, athletic footwear, all purpose |

| | | |
|---|---|---|
| | | sports footwear and socks in class 25. |
| 2,409,789 | OAKLEY | For: Jewelry and time pieces, namely, watches in class 14. |
| 3,153,943 | OAKLEY | For: Prescription eyewear, namely, sunglasses and spectacles; eyewear containing electronics devices, namely, protective eyewear, eyeglasses, sunglasses and spectacles; electronics, namely portable digital electronic devices for recording, organizing, and reviewing text, data and audio files; computer software for use in recording, organizing, and reviewing text, data and audio files on portable digital electronic devices; transmitters, receivers, speakers and parts thereof for use with cellular, wireless computer and telephone communication systems; communication devices for use on eyewear, namely earpieces, transmitters, receivers, speakers and parts thereof for use with cellular, wireless computer and telephone communication systems; wearable audio visual display, namely, protective eyewear, eyeglasses, sunglasses and spectacles containing an audio visual display; wireless telecommunications modules in class 9. |
| 3,771,517 | OAKLEY | For: Retail store services and on-line retail store services featuring eyewear, replacement lenses, eyewear nosepiece kits, clothing, headwear, footwear, watches, decals, electronics devices, posters, athletic bags, handbags, backpacks and luggage in class 35. |
| 1,980,039 | OAKLEY | For: Protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories in class 9. |

| | | |
|---|---|---|
| | | For: Clothing, headwear and footwear, namely T-shirts, sweatshirts, blouses, sweaters, sport shirts, jerseys, shorts, trousers, pants, sweatpants, ski pants, racing pants, jeans, coats, vests, jackets, swimwear, hats, visors, caps, gloves, belts, socks, sandals and shoes in class 25. |
| 1,356,297 | OAKLEY | For: Goggles, sunglasses, protective pads for elbows, feet and knees in class 9.<br><br>For: Clothing - namely t-shirts; gloves; racing pants; hats; sweatshirts; sport shirts, jackets, jeans, jerseys and ski pants, jackets, hats, gloves and socks in class 25. |
| 1,519,596 | OAKLEY | For: Sunglasses and accessories for sunglasses, namely, replacement lenses, ear stems and nose pieces in class 9. |
| 3,143,623 | Oakley | For: Protective eyewear, namely spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories in class 9.<br><br>For: Clothing, namely, t-shirts, beach-wear, blouses, sports shirts, jerseys, swimwear, swim trunks, shorts, underwear, shirts, pants, racing pants, ski and snowboard pants and jackets, jeans, vests, jackets, wetsuits, sweaters, pullovers, coats, sweatpants, headwear, namely, hats, caps, visors and footwear, namely wetsuit booties, shoes, sandals, athletic footwear, all purpose sports footwear, thongs and boots in class 25. |
| 1,902,660 | OAKLEY | For: Printed material, namely decals and stickers in class 16. |

| | | |
|---|---|---|
| 1,990,262 |  | For: Protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories in class 9. |
| 3,496,633 |  | For: clothing, namely, t-shirts, beach-wear, blouses, sports shirts, jerseys, swimwear, swimtrunks, shorts, underwear, shirts, pants, racing pants, ski and snowboard pants and jackets, jeans, vests, jackets, wetsuits, sweaters, pullovers, coats, sweatpants, headwear, namely, hats, caps, visors and footwear, namely, wetsuit booties, shoes, sandals, athletic footwear, all purpose sports footwear, thongs and boots in class 25. |
| 2,301,660 |  | For: Jewelry and time pieces, namely, watches in class 14. |
| 3,331,124 |  | For: Protective eyewear, namely spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories; and protective clothing, namely, racing pants in class 9.<br><br>For: Clothing, namely, t-shirts, beach-wear, blouses, sports shirts, jerseys, swimwear, swimtrunks, shorts, underwear, shirts, pants, ski and snowboard pants and jackets, jeans, vests, jackets, wetsuits, sweaters, pullovers, coats, sweatpants, headwear, namely, hats, caps, visors and footwear, namely wetsuit booties, shoes, sandals, |

| | | |
|---|---|---|
| | | athletic footwear, all purpose sports footwear, thongs and boots in class 25. |
| 3,151,994 |  | For: Protective eyewear, namely spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories in class 9. |
| 3,771,516 |  | For: Retail store services and on-line retail store services featuring eyewear, replacement lenses, eyewear nosepiece kits, clothing, headwear, footwear, watches, decals, electronics devices, posters, athletic bags, handbags, backpacks and luggage in class 35. |
| 3,785,868 |  | For: Protective eyewear, namely, spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely, replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories in class 9. |
| 2,300,245 |  | For Clothing, namely, T-shirts, beachwear, blouses, sports shirts, jerseys, shorts, shirts, pants, racing pants, ski pants, vests, jackets, sweaters, pullovers, coats, sweatpants, sweatshirts, headwear, namely, hats, caps, and footwear, namely, shoes, athletic footwear, all purpose sports footwear in class 25. |
| 2,207,455 |  | For: luggage, duffle bags, athletic bags, luggage bags with rollers, wrist mounted carryall bags, tote bags, all purpose sports bags, knapsacks and backpacks in class 18. |
| 2,209,416 |  | For: Protective and/or anti-glare eyewear, namely, goggles, and their parts and accessories, namely, cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories |

| | | |
|---|---|---|
| | | in class 9.<br><br>For: Clothing, headwear and footwear, namely, T-shirts, hats, shorts, shirts, pants, jackets, sweatshirts, shoes, and pullovers in class 25. |
| 1,927,106 | | For: printed material, namely decals and stickers in class 16. |
| 1,984,501 | | For: protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories in class 9.<br><br>For: Clothing and headwear, namely T-shirts, sweatshirts, jackets, hats, and caps in class 25. |
| 1,904,181 | | For: Protective and/or anti-glare eyewear, namely sunglasses, goggles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips, cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories in class 9. |
| 3,693,071 | | For: Traveling bags and backpacks in class 18. |
| 4,407,750 | CROSSLINK | For: Eyewear, namely, sunglasses, sports goggles, spectacles and their parts and accessories, namely, replacement lenses, ear stems, frames, nose pieces and foam strips; cases specially adapted for eyewear and their parts and accessories in class 9. |

| | | |
|---|---|---|
| 3,733,882 | IRIDIUM | For: Protective eyewear, namely, spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely, replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories in class 9. |
| 4,827,569 | JAWBREAKER | For: Eyewear, namely, sunglasses, goggles, spectacles and their parts and accessories, namely, replacement lenses, ear stems, frames, nose pieces and foam strips; cases specifically adapted for eyewear and their parts and accessories in class 9. |
| 4,407,749 | RADARLOCK | For: Eyewear, namely, sunglasses, sports goggles, spectacles and their parts and accessories, namely, replacement lenses, ear stems, frames, nose pieces and foam strips; cases specially adapted for eyewear and their parts and accessories in class 9. |
| 3,489,952 | OIL RIG | For: Protective eyewear, namely, spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely, replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories in class 9. |
| 4,194,197 | FROGSKINS | For: Eyewear, namely sunglasses and accessories for sunglasses, namely, replacement lenses, ear stems and nose pieces in class 9. |

20.     The above registrations for the OAKLEY Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065.  The OAKLEY Trademarks have been used exclusively and continuously by Oakley, some since at least as early as 1975, and have never been abandoned.  Attached hereto as **Exhibit 2** are true and correct

33

copies of the United States Registration Certificates for the OAKLEY Trademarks included in the above table. The registrations for the OAKLEY Trademarks constitute *prima facie* evidence of their validity and of Oakley's exclusive right to use the OAKLEY Trademarks pursuant to 15 U.S.C. § 1057(b).

21. The OAKLEY Trademarks are exclusive to Oakley, and are displayed extensively on Oakley Products and in Oakley's marketing and promotional materials. Typically, at least one of the OAKLEY Trademarks are included on Oakley Products. Oakley Products have long been among the most popular eyewear in the world and have been extensively promoted and advertised at great expense. In fact, Oakley has expended millions of dollars annually in advertising, promoting and marketing featuring the OAKLEY Trademarks. Oakley Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs and renown as desired luxury items. Because of these and other factors, the Oakley name and the OAKLEY Trademarks have become famous throughout the United States.

22. The OAKLEY Trademarks are distinctive when applied to the Oakley Products, signifying to the purchaser that the products come from Oakley and are manufactured to Oakley's quality standards. Whether Oakley manufactures the products itself or licenses others to do so, Oakley has ensured that products bearing its trademarks are manufactured to the highest quality standards. The OAKLEY Trademarks have achieved tremendous fame and recognition, which has only added to the inherent distinctiveness of the marks. As such, the goodwill associated with the OAKLEY Trademarks is of incalculable and inestimable value to Oakley.

23. Since at least as early as 1995, Oakley has operated a website where it promotes and sells genuine Oakley Products at oakley.com. Sales of Oakley Products via the oakley.com

website represent a significant portion of Oakley's business. The oakley.com website features proprietary content, images and designs exclusive to Oakley.

24. Oakley's innovative marketing and product designs have enabled Oakley to achieve widespread recognition and fame and have made the OAKLEY Trademarks some of the most well-known marks in the eyewear and apparel industry. The widespread fame, outstanding reputation, and significant goodwill associated with the Oakley brand have made the OAKLEY Trademarks valuable assets of Oakley.

25. Oakley has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the OAKLEY Trademarks. As a result, products bearing the OAKLEY Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Oakley. Oakley is a multi-million dollar operation, and Oakley Products have become among the most popular of their kind in the world.

26. The RAY-BAN Trademarks and the OAKLEY Trademarks are collectively referred to herein as "Plaintiffs' Trademarks."

27. The Ray-Ban Products and the Oakley Products are collectively referred to herein as "Plaintiffs' Products."

**The Defendants**

28. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United

States, including Illinois, and has offered to sell, and, on information and belief, has sold and continues to sell Counterfeit Products to consumers within the United States, including the State of Illinois.

29.    On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products using counterfeit versions of the Plaintiffs' Trademarks in the same transaction, occurrence, or series of transactions or occurrences.  Tactics used by Defendants to conceal their identities and the full scope of their counterfeiting operation make it virtually impossible for Plaintiffs to learn Defendants' true identities and the exact interworking of their massive counterfeit network.   In the event that Defendants provide additional credible information regarding their identities, Plaintiffs will take appropriate steps to amend the Amended Complaint.

### IV. DEFENDANTS' UNLAWFUL CONDUCT

30.    The success of Plaintiffs' brands has resulted in their significant counterfeiting. Consequently, Plaintiffs have a worldwide anti-counterfeiting program and regularly investigate suspicious websites and online marketplace listings identified in proactive Internet sweeps and reported by consumers.  In recent years, Plaintiffs have identified thousands of domain names linked to fully interactive websites and marketplace listings on platforms such as iOffer, eBay, AliExpress, and Alibaba, including the Defendant Internet Stores, which were offering for sale and selling Counterfeit Products to consumers in this Judicial District and throughout the United States.   Despite Plaintiffs' enforcement efforts online and on the ground, Defendants have persisted in creating the Defendant Internet Stores.  Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and to generate over $135

billion in annual online sales. According to an intellectual property rights seizures statistics report issued by Homeland Security, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in fiscal year 2014 was over $1.23 billion. Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

31. Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. Many of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Western Union and PayPal. Numerous Defendant Domain Names also incorporate the Plaintiffs' Trademarks into the URL, and the Defendant Internet Stores often include content and design elements that make it very difficult for consumers to distinguish such counterfeit sites from an authorized website. Many Defendants further perpetuate the illusion of legitimacy by offering customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the Visa®, MasterCard®, and/or PayPal® logos. Plaintiffs have not licensed or authorized Defendants to use any of the Plaintiffs' Trademarks, and none of the Defendants are authorized retailers of genuine Plaintiffs' Products.

32. Many Defendants also deceive unknowing consumers by using Plaintiffs' Trademarks without authorization within the content, text, and/or meta tags of their websites in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Plaintiffs' Products. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization (SEO) tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine Plaintiffs' Products. Other

Defendants only show Plaintiffs' Trademarks in product images while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Plaintiff's Products.

33. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. For example, many of Defendants' names and physical addresses used to register the Defendant Domain Names are incomplete, contain randomly typed letters, or fail to include cities or states. Other Defendant Domain Names use privacy services that conceal the owners' identity and contact information. On information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Amended Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their massive counterfeiting operation, and to avoid being shut down.

34. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, many of the Defendant websites have virtually identical layouts, even though different aliases were used to register the respective domain names. In addition, Counterfeit Products for sale in the Defendant Internet Stores bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Counterfeit Products were manufactured by and come from a common source and that Defendants are interrelated. The Defendant Internet Stores also include other notable common features, including use of the same domain name registration patterns, shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics,

HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, similar hosting services, similar name servers, and the use of the same text and images, including content copied from Plaintiffs' official ray-ban.com and oakley.com websites.

35.     In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts.   For example, counterfeiters like Defendants will often register new domain names or online marketplace accounts under new aliases once they receive notice of a lawsuit.   Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received.   Rogue servers are notorious for ignoring take down demands sent by brand owners.   Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.   A 2012 U.S. Customs and Border Protection report on seizure statistics indicated that the Internet has fueled "explosive growth" in the number of small packages of counterfeit goods shipped through the mail and express carriers.

36.     Further, counterfeiters such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiffs' enforcement efforts.   On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court.   Indeed, analysis of PayPal transaction logs from previous similar cases indicates that off-shore counterfeiters regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

37.     Defendants, without any authorization or license from Plaintiffs, have knowingly and willfully used and continue to use Plaintiffs' Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Products into the United States and Illinois over the Internet.  Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Counterfeit Products into the United States, including Illinois.

38.     Defendants' use of Plaintiffs' Trademarks in connection with the advertising, distribution, offering for sale, and sale of Counterfeit Products, including the sale of Counterfeit Products into the United States, including Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiffs.

### COUNT I
### TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

39.     Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 38.

40.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered Plaintiffs' Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods.  Plaintiffs' Trademarks are highly distinctive marks.  Consumers have come to expect the highest quality from Plaintiffs' Products sold or marketed under Plaintiffs' Trademarks.

41.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products bearing counterfeit reproductions of Plaintiffs' Trademarks without Plaintiffs' permission.

42.     Plaintiffs are the exclusive owners of their respective Plaintiffs' Trademarks. Plaintiffs' United States Registrations for their respective Plaintiffs' Trademarks (Exhibits 1-2) are in full force and effect.  Upon information and belief, Defendants have knowledge of Plaintiffs' rights in Plaintiffs' Trademarks, and are willfully infringing and intentionally using counterfeits of Plaintiffs' Trademarks.  Defendants' willful, intentional and unauthorized use of Plaintiffs' Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Products among the general public.

43.     Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

44.     Plaintiffs have no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiffs will continue to suffer irreparable harm to their reputations and the goodwill of Plaintiffs' Trademarks.

45.     The injuries and damages sustained by Plaintiffs have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

46.     Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 45.

47.     Defendants' promotion, marketing, offering for sale, and sale of Counterfeit Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiffs or the origin, sponsorship, or approval of Defendants' Counterfeit Products by Plaintiffs.

41

48.     By using Plaintiffs' Trademarks on the Counterfeit Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Products.

49.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Products to the general public involves the use of counterfeit marks  and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

50.     Plaintiffs have no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiffs will continue to suffer irreparable harm to their reputations and the associated goodwill of Plaintiffs' respective brands.

**COUNT III**
**CLAIM FOR INJUNCTIVE RELIEF UNDER THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d)) AS TO THE DEFENDANTS OPERATING A DEFENDANT DOMAIN NAME INCORPORATING ANY OF PLAINTIFFS' TRADEMARKS**

51.     Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 50.

52.     Plaintiffs are the exclusive owners of their respective Plaintiffs' Trademarks.  The U.S. Registrations for Plaintiffs' Trademarks (Exhibits 1-2) are in full force and effect. Additionally, Plaintiffs' Trademarks are highly distinctive and famous marks pursuant to 15 U.S.C. § 1125 and were famous before and at the time of the registration of the Defendant Domain Names.

53.     Upon information and belief, Defendants operating a Defendant Domain Name incorporating any of Plaintiffs' Trademarks have acted with bad faith intent to profit from the unauthorized use of Plaintiffs' Trademarks and the goodwill associated therewith by registering,

trafficking in, or using various domain names which are identical to, confusingly similar to, or dilutive of Plaintiffs' Trademarks.

54.     Defendants have no intellectual property rights in or to Plaintiffs' Trademarks.

55.     Defendants' actions constitute willful cybersquatting in violation of §43(d) of the Lanham Act, 15 U.S.C. §1125(d).

56.     Plaintiffs have no adequate remedy at law, and the registration and use of the Defendant Domain Names incorporating Plaintiffs' Trademarks has caused, is causing, and is likely to continue to cause substantial and irreparable injury to the public and to Plaintiffs.

## COUNT IV
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510, *et seq.*)

57.     Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 56.

58.     Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their Counterfeit Products as those of Plaintiffs, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine Plaintiffs' Products, representing that their products have Plaintiffs' approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

59.     The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

60.     Plaintiffs have no adequate remedy at law, and Defendants' conduct has caused Plaintiffs' to suffer damage to their reputations and associated goodwill.  Unless enjoined by the

Court, Plaintiffs will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using Plaintiffs' Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiffs' Product or is not authorized by Plaintiffs to be sold in connection with Plaintiffs' Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiffs' Product or any other product produced by Plaintiffs, that is not Plaintiffs' or not produced under the authorization, control, or supervision of Plaintiffs and approved by Plaintiffs for sale under Plaintiffs' Trademarks;

   c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control or supervision of Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

   d. further infringing Plaintiffs' Trademarks and damaging Plaintiffs' goodwill;

   e. otherwise competing unfairly with Plaintiffs in any manner; and

   f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner,

products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear any of Plaintiffs' trademarks, including the Plaintiffs' Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof; and

2) Entry of an Order that, at Plaintiffs' choosing, the registrant of the Defendant Domain Names shall be changed from the current registrant to Plaintiffs, and that the domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, shall unlock and change the registrar of record for the Defendant Domain Names to a registrar of Plaintiffs' selection, and that the domain name registrars, including, but not limited to, GoDaddy Operating Company, LLC ("GoDaddy"), Name.com, PDR LTD. d/b/a PublicDomainRegistry.com ("PDR"), and Namecheap Inc. ("Namecheap"), shall take any steps necessary to transfer the Defendant Domain Names to a registrar account of Plaintiffs' selection; or that the same domain name registries shall disable the Defendant Domain Names and make them inactive and untransferable;

3) Entry of an Order that, upon Plaintiffs' request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, and Alibaba, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo, and domain name registrars, including, but not limited to, GoDaddy, Name.com, PDR, and Namecheap, (collectively, the "Third Party Providers") shall:

a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using Plaintiffs' Trademarks;

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using Plaintiffs' Trademarks; and

c. take all steps necessary to prevent links to the Defendant Domain Names identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index;

4) That Defendants account for and pay to Plaintiffs all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of Plaintiffs' Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

5) In the alternative, that Plaintiffs be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of Plaintiffs' Trademarks and $100,000 per domain name incorporating any of Plaintiffs' Trademarks pursuant to 15 U.S.C. § 1117(d);

6) That Plaintiffs be awarded their reasonable attorneys' fees and costs; and

7) Award any and all other relief that this Court deems just and proper.

Dated this 11th day of August 2016.          Respectfully submitted,


                                        /s/ Justin R. Gaudio
                                        Kevin W. Guynn
                                        Amy C. Ziegler
                                        Justin R. Gaudio
                                        Jessica L. Bloodgood
                                        Greer, Burns & Crain, Ltd.
                                        300 South Wacker Drive, Suite 2500
                                        Chicago, Illinois 60606
                                        312.360.0080
                                        312.360.9315 (facsimile)
                                        kguynn@gbc.law
                                        aziegler@gbc.law
                                        jgaudio@gbc.law
                                        jbloodgood@gbc.law

                                        *Counsel for Plaintiffs*
                                        *Luxottica Group S.p.A and Oakley, Inc.*