IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUXOTTICA GROUP S.p.A. and OAKLEY, INC., | ) ) ) | Case No. 16-cv-07988 |
| Plaintiffs, | ) ) | **Judge Harry D. Leinenweber** |
| v. | ) ) | **Magistrate Judge Young B. Kim** |
| ZHIQIANG ZHAO, et al., | ) ) ) | |
| Defendants. | ) | |

**FINAL JUDGMENT ORDER**

Plaintiffs Luxottica Group S.p.A. and Oakley, Inc. (collectively, "Plaintiffs") filed this action alleging federal trademark infringement and counterfeiting (Count I), false designation of origin (Count II), and violation of the Illinois Uniform Deceptive Trade Practices Act ("UDTPA") (Count IV), and seeking statutory damages and injunctive relief against Defendant identified by and operating at least the Internet store Eddiestore2008 ("Defendant"), which is advertising and offering for sale products using counterfeit reproductions of Plaintiffs' federally registered, famous and well-known trademarks through the fully interactive, commercial Internet store Eddiestore2008 (the "Defendant Internet Store"). [1], [9].

This Court having entered upon a showing by Plaintiffs a temporary restraining order and preliminary injunction against Defendant;

Plaintiffs having shown that there is no genuine dispute as to any material fact regarding Defendant's liability for willful trademark infringement and counterfeiting, false designation of origin using counterfeit trademarks, and violation of the Illinois Uniform Deceptive Trade Practices Act;

THIS COURT HEREBY FINDS that, pursuant to Fed. R. Civ. P. 56(a), Plaintiffs are entitled to judgment as a matter of law;

THIS COURT FURTHER FINDS that it has personal jurisdiction over Defendant since Defendant directly targets its business activities toward consumers in the United States, including Illinois. Specifically, Defendant is reaching out to do business with Illinois residents by operating at least the commercial, interactive Defendant Internet Store through which Illinois residents can purchase products bearing counterfeit versions of Plaintiffs' trademarks (collectively, "the OAKLEY Trademarks"), which are defined as follows:

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 1,521,599 | OAKLEY | For: Sunglasses and accessories for sunglasses, namely, replacement lenses, ear stems and nose pieces in class 9. |
| 3,153,943 | OAKLEY | For: Prescription eyewear, namely, sunglasses and spectacles; eyewear containing electronics devices, namely, protective eyewear, eyeglasses, sunglasses and spectacles; electronics, namely portable digital electronic devices for recording, organizing, and reviewing text, data and audio files; computer software for use in recording, organizing, and reviewing text, data and audio files on portable digital electronic devices; transmitters, receivers, speakers and parts thereof for use with cellular, wireless computer and telephone communication systems; communication devices for use on eyewear, namely earpieces, transmitters, receivers, speakers and parts thereof for use with cellular, wireless computer and telephone communication systems; wearable audio visual display, namely, protective eyewear, eyeglasses, sunglasses and spectacles containing an audio visual display; wireless telecommunications modules in class 9. |

| | | |
|---|---|---|
| 1,980,039 | *OAKLEY* (stylized wordmark) | For: Protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories in class 9.<br><br>For: Clothing, headwear and footwear, namely T-shirts, sweatshirts, blouses, sweaters, sport shirts, jerseys, shorts, trousers, pants, sweatpants, ski pants, racing pants, jeans, coats, vests, jackets, swimwear, hats, visors, caps, gloves, belts, socks, sandals and shoes in class 25. |
| 1,984,501 | *Oakley ellipse logo* | For: protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories in class 9.<br><br>For: Clothing and headwear, namely T-shirts, sweatshirts, jackets, hats, and caps in class 25. |
| 1,990,262 | *Oakley ellipse logo with OAKLEY wordmark* | For: Protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories in class 9. |

THIS COURT FURTHER FINDS that Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. §

1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, *et seq.*).

IT IS HEREBY ORDERED that Plaintiffs' Motion for Summary Judgment and a Statutory Damages Award as to Defendant is GRANTED in its entirety, and that this Final Judgment is entered against Defendant.

IT IS FURTHER ORDERED that:

1. Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with it be permanently enjoined and restrained from:

    a. using the OAKLEY Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiffs' product or not authorized by Plaintiffs to be sold in connection with the OAKLEY Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiffs' product or any other product produced by Plaintiffs, that is not Plaintiffs' or not produced under the authorization, control or supervision of Plaintiffs and approved by Plaintiffs for sale under the OAKLEY Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control or supervision of Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

    d. further infringing the OAKLEY Trademarks and damaging Plaintiffs' goodwill; and

    e.   manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear any of Plaintiffs' trademarks, including the OAKLEY Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

2. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiffs are awarded statutory damages from Defendant in the amount of fifty thousand dollars ($50,000) for willful use of counterfeits of the OAKLEY Trademarks on products sold through at least the Defendant Internet Store.

3. Pursuant to this Court's Order (Docket Nos. 132 and 133), Defendant agrees to pay Plaintiffs twenty-five thousand ($25,000) total for costs and attorney's fees.

4. In full satisificaton of the statutory damages award and cost and attorney's fees agreement, PayPal, Inc. ("PayPal") shall, within ten (10) business days of receipt of this Order, release $75,000 from any PayPal accounts connected to Defendant ("Defedant's PayPal Account") to Plainitffs. All other funds in Defendant's PayPal Account shall be released and the restraint on Defendant's PayPal Account shall be removed (outside of the $75,000 being transferred to Plaintiffs).

This is a Final Judgment against Defendant.

DATED: June 20, 2017

                                                      U.S. District Court Judge Harry D. Leinenweber